ALLAN E. ANDERSON (S.B. #133672)
SEAN P. FLYNN (S.B. #220184)
ROPERS, MAJESKI, KOHN & BENTLEY
515 South Flower Street, Suite 1100
Los Angeles, California 90071-2213
Telephone:   (213) 312-2000
Facsimile:   (213) 312-201
Email:        aanderson@rmkb.com
Email:        sflynn@rmkb.com

Attorneys for Plaintiffs JAMES W. BRADY
and PATRICIA M. BRADY

MICHAEL G. YODER (S.B. #83059)
ANDREW H. HALL (S.B. #240186)
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, California 92660-6429
Telephone:   (949) 760-9600
Facsimile:   (949) 823-6994
Email:        myoder@omm.com
Email:        ahall@omm.com

Attorneys for Defendant and Counterclaim
Plaintiff QUIKSILVER AMERICAS, INC.,
and Defendants DILLARD'S, INC. and B.
SUITS, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| JAMES W. BRADY, an individual, and PATRICIA M. BRADY | Case No. SACV 09-553 AG |
| Plaintiffs, | **[PROPOSED] STIPULATED PROTECTIVE ORDER** |
| v. | |
| QUIKSILVER AMERICAS, INC., RADIO FIJI, DILLARD'S INC., B. SUITS, INC., and PAMPO'S DANCE EMPORIUM, INC., | Judge:        Hon. Andrew J. Guilford<br>Magistrate:  Hon. Robert N. Block |
| Defendants. | |
| AND RELATED COUNTERCLAIMS | |

## STIPULATION RE CONFIDENTIAL INFORMATION

WHEREAS, this action involves the alleged intellectual property interests of plaintiffs JAMES W. BRADY and PATRICIA M. BRADY and defendants QUIKSILVER AMERICAS, INC., DILLARD'S INC, and B SUITS, INC. (collectively, the "Parties");"

WHEREAS, discovery in this action will involve the disclosure of private, privileged, proprietary, and confidential information, including without limitation the following:

(1) confidential and non-public business models and plans;

(2) confidential and non-public documents concerning customers and potential customers; and

(3) confidential and non-public financial records; and

WHEREAS the Parties to this action believe that unrestricted disclosure or dissemination of such information could cause them injury, and desire an efficient and practicable means to designate such information as confidential and control its disclosure or dissemination.;

NOW, THEREFORE IT IS HEREBY STIPULATED by the Parties, by and through their respective attorneys of record and pursuant to FED. R. CIV. P. 26(c)(7) and 29, that discovery in this case of confidential information shall be had on the following terms and conditions:

## 1.    DEFINITIONS

1.1    As used herein, the term "confidential information" means:  (a) any type of information that has not been made public and the disclosure of which the disclosing party contends would (a) cause substantial harm to the disclosing party's business operations or to their own privacy interests or the privacy interests of their customers; or  (b) cause the disclosing party to disclose their customers' personal financial affairs or transactions, including, but not limited to, personal information, personal references, private contact information, private family

information, prior employment, personal financial records including bank records and tax returns; (b) data derived from such confidential information, including any summaries, compilations, quotes, or paraphrases thereof; and (c) any other oral, written, or recorded material that consists of or contains trade secrets (as defined in CAL. CIVIL CODE § 3426.1(d)) or other confidential research, development, or commercial information (as defined in FED. R. CIV. P. 26(c)(7)).

       1.2    As used herein, the terms "document", "documents", "tangible things", "recordings", and "photographs" mean documents, writings, tangible things, recordings, and photographs as defined in Fed. R. Civ. P. 34(a) and Fed. R. Evid. 1001, and include, but are not limited to, records, exhibits, reports, samples, transcripts, video or audio recordings, disks, affidavits, briefs, summaries, notes, abstracts, drawings, company records and reports, answers to interrogatories, responses to requests for admissions, and motions, including copies or computer-stored versions of any of the foregoing.

## 2.    DESIGNATION OF CONFIDENTIAL INFORMATION

       2.1    This PROTECTIVE ORDER applies to all discovery responses, documents, testimony, and other materials containing confidential information disclosed in this action that are designated by a party as CONFIDENTIAL or CONFIDENTIAL - COUNSEL ONLY, as defined below, whether such disclosure is by order of the Court or by response to questions in a deposition, written interrogatories, requests for the production of documents and other tangible things, requests for admission, or any other discovery undertaken in this action.

       2.2    Any party may protect information it believes constitutes its confidential information by designating such information as CONFIDENTIAL or CONFIDENTIAL - COUNSEL ONLY, as defined below, prior to or at the time of disclosure of such information.  Such designation shall be accomplished by placing the notation CONFIDENTIAL or CONFIDENTIAL - COUNSEL ONLY (or some notation essentially equivalent to the phrase CONFIDENTIAL - COUNSEL

- 3 -

ONLY) on every page of each document or portion thereof so designated.  In the case of confidential information disclosed in a non-paper medium (e.g., videotape, audiotape, computer disks, etc.), the notation CONFIDENTIAL or CONFIDENTIAL - COUNSEL ONLY shall be affixed to the outside of the medium or its container so as to clearly give notice of the designation.  Such designation is deemed to apply to the document itself and to the confidential information contained therein.

       2.3    Confidential information so designated shall be used only for the purposes of this litigation and may not be used by any party to which that information is produced or disclosed for research, development, sales, marketing, publicity, or competitive purposes, or any other purpose.  Confidential information so designated shall not be disclosed to anyone other than those persons identified in Paragraphs 4.3 and 4.4, infra, except as may be ordered by the Court or agreed to in writing by the Parties.

       2.4    The Parties shall use reasonable care to avoid designating any materials as CONFIDENTIAL or CONFIDENTIAL - COUNSEL ONLY that are (a) not entitled to such designation, or (b) are generally available to the public.

**3.**    <u>**DEPOSITIONS**</u>

       3.1    With respect to the examination of witnesses upon oral deposition, when designated confidential information is supplied to the deponent, or when the deponent's testimony contains, reflects, or comments on designated confidential information, the deposition reporter and/or videotape operator shall be informed of this PROTECTIVE ORDER by the party seeking to invoke its protection, and will be required to agree to be bound by its terms in accordance with Paragraph 4.5, *infra*.  The reporter and/or videotape operator then shall place on the cover of any deposition transcript or videotape that contains any designated confidential information the words "CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO A COURT PROTECTIVE ORDER" or

- 4 -

"CONTAINS CONFIDENTIAL - COUNSEL ONLY INFORMATION SUBJECT TO A COURT PROTECTIVE ORDER", depending on the designation made by the designating party.  Counsel for the Parties then shall take appropriate steps to prevent any portions of any deposition transcript or videotape designated CONFIDENTIAL or CONFIDENTIAL - COUNSEL ONLY from being disclosed to any person, except as provided in this PROTECTIVE ORDER.

        3.2    All testimony at a deposition shall be presumed to be designated CONFIDENTIAL or CONFIDENTIAL - COUNSEL ONLY if this PROTECTIVE ORDER is invoked at the deposition until the specific pages of the transcript containing designated confidential information are identified and designated CONFIDENTIAL or CONFIDENTIAL - COUNSEL ONLY, as provided below. The designating party shall, within thirty (30) days after receiving a copy of the deposition transcript, provide all Parties with a written list of the page(s) of the deposition transcript, and any exhibits attached thereto, that the party has designated CONFIDENTIAL or CONFIDENTIAL - COUNSEL ONLY.  If a deponent has disclosed something at a deposition that a party believes should be designated as confidential information, the party so believing can go back during the deposition and designate that information as CONFIDENTIAL or CONFIDENTIAL - COUNSEL ONLY, as may be appropriate.

        3.3    Each deponent to whom any party proposes to disclose designated confidential information at a deposition shall be given a copy of this PROTECTIVE ORDER and informed of its contents.  The Parties shall take all reasonable steps to have such witnesses to sign the declaration attached hereto as EXHIBIT A and referenced herein in Paragraphs 4.5 and 4.6, infra, entitled DECLARATION CONFIRMING COMPLIANCE WITH STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION ("COMPLIANCE DECLARATION").

- 5 -

3.4     If designated confidential information is to be discussed or disclosed in a deposition, any party claiming such confidentiality may exclude from the room any person who is not entitled to receive such confidential information during that portion of the deposition in which the confidential information is actually discussed or disclosed.

**4.      DISCLOSURE OF DESIGNATED CONFIDENTIAL INFORMATION**

4.1     The Parties, counsel for the Parties, and all persons who execute the COMPLIANCE DECLARATION shall maintain all designated confidential information in confidence and shall not disclose such information, directly or indirectly, to any person except as provided in this PROTECTIVE ORDER.

4.2     While the disclosure of confidential information designated CONFIDENTIAL or CONFIDENTIAL - COUNSEL ONLY to persons not authorized by this PROTECTIVE ORDER could, by definition, be prejudicial to the business, operations, or interests of the designating party or third party, the CONFIDENTIAL and CONFIDENTIAL - COUNSEL ONLY designations should not be overused.

4.3     Access to confidential information designated as CONFIDENTIAL shall be limited to the following persons:

4.3.1   Outside counsel for the Parties and their support personnel.  If any outside vendors (e.g., copy services) are used as support personnel for outside counsel for the Parties, they shall comply with the requirements of Paragraph 4.5, *infra*.

4.3.2   Pursuant to Paragraphs 4.5 and 4.6, *infra*, consultants requested by the Parties' counsel to furnish expert or litigation support services in this litigation.  Any such consultants shall comply with the requirements of Paragraphs 4.5 and 4.6, infra.  No such consultant may (a) be a present or former employee, director, or officer of another party to this action, (b) have any ownership or business interest in another party to this action, or (c) be a present or

- 6 -

former employee, director, or officer of a person who might reasonably be considered a competitor of another party to this action, without following the procedure set forth in Paragraphs 4.5 and 4.6, *infra*.

    4.3.3 Pursuant to Paragraphs 3.1 through 3.4, supra, and Paragraphs 4.5 and 4.6, *infra*, deponents at their depositions on a need to know basis.  Counsel should have a good faith belief that such disclosure is necessary before disclosing designated confidential information to the deponent.

    4.3.4 Pursuant to Paragraphs 4.5 and 4.6, *infra*, the Parties to this action.

    4.3.5 The Court and Jury.

    4.4 Access to confidential information designated CONFIDENTIAL - COUNSEL ONLY shall be limited to those persons described in Paragraphs 4.3.1, 4.3.2, 4.3.3, and 4.3.5, supra.  Unless agreed to by the designating party in writing, no deponent who or which is a party to this action, or a present or former employee or agent of a party to this action, shall be given access to confidential information designated CONFIDENTIAL - COUNSEL ONLY by any other party.

    4.5 Each (a) outside vendor authorized pursuant to Paragraph 4.3.1, supra, (b) consultant authorized pursuant to Paragraph 4.3.2, *supra*, (c) deponent authorized pursuant to Paragraph 4.3.3, *supra*, and (d) party authorized pursuant to Paragraph 4.3.4, *supra*, shall, prior to being given access to designated confidential information, acknowledge in writing his or her familiarity with the terms of this PROTECTIVE ORDER and execute the COMPLIANCE DECLARATION, attached hereto as EXHIBIT A.

    4.6 If a party or his or its counsel wants to disclose another party's designated confidential information to any consultant described in subparts (a), (b), or (c) of Paragraph 4.3.2, *supra*, disclosure shall be allowed only if the party desiring such disclosure obtains the designating party's consent or a court order. The following procedure shall apply to obtaining consent for such disclosure:

4.6.1   Notice of the name, address, telephone number, and title or position of such consultant, and a curriculum vitae for the consultant, shall be served in writing on the designating party for his or its consent to disclosure of confidential information to such consultant.  That notice shall be provided by registered mail, with a courtesy copy via facsimile.

4.6.2   Consent to the disclosure shall not be unreasonably withheld, and shall be granted or denied within ten (10) days of receipt of the written notice via registered mail.  A failure to respond within the ten-day period shall operate as consent.

4.6.3   No such notice is required if the consultant is not within the categories specified in subparts (a), (b), or (c) of Paragraph 4.3.2, *supra*.

4.6.4   If any objection to disclosing confidential information to such an identified consultant is made within the ten-day period, and that objection cannot be resolved by agreement among the Parties, the party seeking disclosure of the confidential information may move the Court for an order allowing such disclosure, in accordance with the procedures set forth in LOCAL RULES 37-1 through 37-4.

4.7     Nothing herein shall prohibit a party, or its counsel, from disclosing a document that contains confidential information: (i) to the person whom the document identifies as an author, addressee, or recipient of such document; or (ii) to a Fed.R.Civ.P. 30(b)(6) witness designated either by the party that authored the document or by the party addressee/recipient of the document.

## 5.     <u>CHALLENGING A DESIGNATION</u>

5.1     As stated above in Paragraph 1.1, the term "confidential information", as defined herein, is directed at information that, if disclosed other than as provided in this PROTECTIVE ORDER, would cause serious harm to the disclosing party's business operations or interests.  As further stated above in Paragraph 2.4, the Parties shall use reasonable care to avoid designating any

Error! Unknown document property name.

materials as CONFIDENTIAL or CONFIDENTIAL - COUNSEL ONLY that are (a) not entitled to such designation, or (b) are generally available to the public.  As further stated above in Paragraph 4.2, the CONFIDENTIAL and CONFIDENTIAL - COUNSEL ONLY designations should not be overused.  In furtherance of the goal of using the confidentiality designations provided for herein as little as possible, the Parties hereto agree that they will actively work to avoid the over-designation of information produced in discovery in this action.  With respect to confidential information that will be designated as subject to the more restrictive confidentiality designation allowed herein, CONFIDENTIAL - COUNSEL ONLY, the Parties agree that they will use that more restrictive designation only if the disclosing party reasonably and in good faith believes that the material being designated contains:   (a) trade secrets; or (b) highly confidential, non-public, personal or proprietary business information, the disclosure of which would be especially detrimental or harmful to the producing party if disclosed beyond the limited class of permitted recipients as delineated herein.  If only a portion of a document contains matter that meets either of these standards, then only that portion will be designated CONFIDENTIAL - COUNSEL ONLY, and the balance of the document will either not be designated or will be designated CONFIDENTIAL, whichever is appropriate.

5.2     In the event that counsel for any party at any time believes that designated confidential information should not be so designated, or that a different designation should be employed, such counsel shall employ the procedures of LOCAL RULES 37-1 through 37-4 to resolve that dispute.  The designating party shall bear the burden of persuasion that it has properly designated the subject materials under the standards set forth herein.  The Court may impose a monetary sanction under FED. R. CIV. P. 37(a)(4) against any party, person, or attorney who unsuccessfully makes or opposes such a motion, unless it find that the one subject

- 9 -

to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust.

5.3     No party shall be obliged to challenge the propriety of a CONFIDENTIAL or CONFIDENTIAL - COUNSEL ONLY designation, and a failure to do so shall not preclude a subsequent attack on the propriety of such designation.

**6.     INADVERTENT FAILURE TO DESIGNATE**

6.1     The inadvertent failure to designate confidential information as CONFIDENTIAL or CONFIDENTIAL - COUNSEL ONLY prior to or at the time of disclosure shall not operate as a waiver of a party's right to designate such information as CONFIDENTIAL or CONFIDENTIAL - COUNSEL ONLY within a reasonable time following discovery of the inadvertent disclosure.

6.2     In the event that confidential information is designated as CONFIDENTIAL or CONFIDENTIAL - COUNSEL ONLY after disclosure pursuant to Paragraph 6.1, *supra*, the receiving party shall employ reasonable efforts to ensure that all previously disclosed information is subsequently treated as CONFIDENTIAL or CONFIDENTIAL - COUNSEL ONLY, as appropriate, pursuant to the terms of this PROTECTIVE ORDER.

6.3     Should any document or information designated as CONFIDENTIAL or CONFIDENTIAL - COUNSEL ONLY be disclosed, through inadvertence or otherwise, to any person or party not authorized to see such materials under this PROTECTIVE ORDER, then the disclosing party shall use its best efforts to bind such person to the terms of this PROTECTIVE ORDER, and the disclosing party shall (a) promptly inform such person of all the provisions of this PROTECTIVE ORDER, (b) identify the name, address, telephone number, employer, and title or position of such person immediately to the party that designated the document, and (c) request such person to sign the COMPLIANCE DECLARATION, attached hereto as EXHIBIT A.  The executed COMPLIANCE

- 10 -

DECLARATION shall then promptly be served upon the party that designated the document or information.

**7. CUSTODY AND DISPOSITION OF DESIGNATED CONFIDENTIAL INFORMATION**

       7.1    Confidential information designated CONFIDENTIAL or CONFIDENTIAL - COUNSEL ONLY shall be maintained in the custody of counsel for the Parties, except for information in the custody of: (a) the Court; (b) any court reporter transcribing testimony given in this action, for the limited purpose of rendering his or her normal transcribing services; and (c) consultants entitled to see such information under the terms of this PROTECTIVE ORDER, to the extent necessary for their study, analysis, and preparation of the case. Except for the Court, a person with custody of information designated CONFIDENTIAL or CONFIDENTIAL - COUNSEL ONLY shall maintain it in a manner that limits access to it to only those persons entitled under this PROTECTIVE ORDER to examine it.

       7.2    Unless counsel agree otherwise in writing, at the conclusion of this litigation, whether by settlement or final decision of the Court of last resort, the Parties, counsel for the Parties, and all persons who executed the COMPLIANCE DECLARATION agree that they will destroy or return to the producing party all copies of any documents, other than attorney work product, containing designated confidential information produced by a party. Notwithstanding the foregoing, counsel of record shall be permitted to retain a file copy of all pre-trial materials, depositions and deposition exhibits, and document databases. Such file copies must be maintained under the conditions of maintaining CONFIDENTIAL or CONFIDENTIAL - COUNSEL ONLY documents as set forth in Paragraph 7.1, supra.

**8. MISCELLANEOUS PROVISIONS**

- 11 -

8.1     The provisions of this PROTECTIVE ORDER apply to all discovery in this action, including all appeals and arbitration in connection therewith.

8.2     A designation of confidentiality pursuant to this PROTECTIVE ORDER shall be effective and shall be respected by the Parties and all persons in any way involved in these proceedings or to whose attention confidential information shall come unless and until otherwise ordered by the Court or stipulated by all Parties to this action.  These obligations of confidentiality and non-disclosure shall survive the conclusion of this action unless and until otherwise ordered by the Court, or until the Parties to this action stipulate that designated confidential information can be disclosed.

8.3     By entering into this PROTECTIVE ORDER, no party waives any objections it might have to the production of documents covered by this PROTECTIVE ORDER.

8.4     No party to this action, by entering into this PROTECTIVE ORDER, by designating certain information as CONFIDENTIAL or CONFIDENTIAL - COUNSEL ONLY, or by acquiescing in any other party's such designation, shall be deemed to have admitted or agreed that any such designated information is, in fact, a trade secret or other confidential research, development, or commercial information.

8.5     The designation of confidentiality is not admissible before a jury.

8.6     The Court retains jurisdiction even after termination of this action to enforce this PROTECTIVE ORDER and to make such deletions from or amendments, modifications, and additions to the PROTECTIVE ORDER as the Court may from time to time deem appropriate.  The Parties hereto reserve all rights to apply to the Court at any time, before or after termination of this action, for an

- 12 -

order modifying this PROTECTIVE ORDER or seeking further protection against disclosure or use of claimed confidential information.

8.7 Nothing contained in this PROTECTIVE ORDER is intended to be construed as authorizing a party to disobey a lawful subpoena in another action.

**9. FILING OR LODGING UNDER SEAL**

In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "CONFIDENTIAL" or "CONFIDENTIAL - COUNSEL ONLY," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) and if appropriate, the application itself under seal; and the application shall be directed to the judge to whom the papers are directed. For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

**10. GOOD CAUSE STATEMENT**

This action involves the alleged intellectual property interests of the Parties in connection with trademarks, and discovery in this action will involve the disclosure of private, privileged, proprietary, and confidential information, including without limitation the following:

(1) confidential and non-public business models and plans; and

(2) confidential and non-public documents concerning customers and potential customers; and

(3) confidential and non-public financial records.

Pursuant to FED. R. CIV. P. 26(c)(7), good cause therefore exists for entry of this PROTECTIVE ORDER because the Parties to this action (1) either have sought or might seek the discovery of certain information in this action that the Parties believe is sensitive or confidential, (2) believe that unrestricted disclosure or dissemination of such information could cause them some business or commercial injury, (3) desire an efficient and practicable means to designate such

1  information as confidential and control its disclosure or dissemination, and (4) have

2  agreed to such means as set forth herein.

3

4  Dated:  August 3, 2010          ROPERS, MAJESKI, KOHN & BENTLEY LLP

5

6                                  By      _____/s/ Sean P. Flynn_____
                                            SEAN P. FLYNN
7                                           Attorneys for Plaintiffs
                                            JAMES W. BRADY and
8                                           PATRICIA M. BRADY

9

10 Dated:  August 3, 2010          O'MELVENY & MYERS, LLP

11

12                                 By      _____/s/ Andrew H. Hall_____
                                            ANDREW H. HALL
13                                          Attorneys for Defendants
                                            QUIKSILVER AMERICAS, INC., DILLARD'S,
14                                          INC. and B SUITS, INC.

15

16 IT IS SO ORDERED:

17

18 _____          _____
   DATED                                    Hon. Robert N. Block
19                                          Magistrate Judge

20

21

22

23

24

25

26

27

28

- 14 -

Error! Unknown document property name.

# EXHIBIT A

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| JAMES W. BRADY, an individual, and PATRICIA M. BRADY<br><br>            Plaintiffs,<br><br>   v.<br><br>QUIKSILVER AMERICAS, INC., RADIO FIJI, DILLARD'S INC., B. SUITS, INC., and PAMPO'S DANCE EMPORIUM, INC.,<br><br>            Defendants. | Case No. SACV 09-553 AG<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER<br><br>Judge:      Hon. Andrew J. Guilford<br>Magistrate:  Hon. Robert N. Block |
| AND RELATED COUNTERCLAIMS | |

## <u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [*print or type full name*], of

_____ [*print or type full address*], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Central District of California

on _____ in the above captioned case.  I agree to comply with and to be

bound by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment

in the nature of contempt.  I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction and venue of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action, and understand that the Court may impose sanctions for any violation of the attached Stipulated Protective Order.

Date:_____

Printed name:

_____

Signature:

_____

- 2 -

**Error! Unknown document property name.**

1

**CERTIFICATE OF SERVICE**

2
I hereby certify that the following parties in this matter are e-filers and have agreed to accept service of court-filed documents via the Court's CM/ECF System:

3

4
Allan E. Anderson, Esq.
Sean P. Flynn, Esq.
ROPERS, MAJESKI, KOHN & BENTLEY PC

5
50 W. San Fernando St., Suite 1400
San Jose, CA  95113

6

7
Anthony J. Passante
MARTIN & PASSANTE

8
12750 High Bluff Drive, Suite 100
San Diego, CA  92130

9

10
Attorneys for Plaintiffs JAMES W. BRADY and PATRICIA M. BRADY

11

12
I declare under penalty of perjury under the laws of the United States that the above is true and correct.  Executed on August 3, 2010.

13

14
By:  /s/ Teresa Ryan

15
Teresa Ryan

16

17

18

19

20

21

22

23

24

25

26

27

28

Error! Unknown document property name.